UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MELODY MATHES,<br><br>　　　　　Plaintiff,<br>v.<br><br>GREENSKY, LLC,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. §227<br>2. Invasion of Privacy – Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Melody Mathes ("Melody"), by and through her attorneys, alleges the following against Defendant GreenSky, LLC ("GreenSky"):

**INTRODUCTION**

1.　Count I of Melody's Complaint is based upon violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.　Count II of Melody's Complaint is based upon the tort of Invasion of Privacy - Intrusion upon Seclusion, as defined on §652B of the Restatement (Second) of Torts. Section 652B prohibits an intentional intrusion, "physically or otherwise, upon the

solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## PARTIES

3. Melody is a natural person who resides in Oxford, Calhoun County, Alabama.

4. GreenSky is a Georgia entity with its principal place of business located at 5565 Glenridge Connector, Suite 700, Atlanta, GA 30342 and can be served at its registered agent c/o National Registered Agents, Inc. located at 289 S. Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. §§1331, 1332, 1637 and 47 U.S.C. §227.

6. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Melody is a citizen of Alabama, and GreenSky is a citizen of Georgia.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claims occurred in this District.

8. GreenSky transacts business here; therefore, personal jurisdiction is established.

## FACTS

9. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

10. In or around August 2019, GreenSky began placing calls to Melody on her cellular phone number ending in 5873, in an attempt to collect the alleged debt.

11. On or about August 10, 2019, at 3:31 p.m., Melody received a call on her cellular telephone from (866) 458-7688. Melody heard an unusually long pause before the agent began to speak, consistent with the use of an automated telephone dialing system.

12. After properly identifying herself, Melody was informed by GreenSky's representative that it was attempting to collect a debt.

13. During the call, Melody informed the representative that she was sorry she could not pay because she was going through financial difficulties. Melody also requested that any further contact be done by mail. Finally, Melody promised that she herself would contact GreenSky once she was again able to make a payment.

14. Despite Melody expressly informing GreenSky not to call her and that she could not pay, GreenSky called Melody on her cellular phone only three days later, on August 13.

15. GreenSky not only ignored Melody's request but began a telephone harassment campaign.

16. On or about November 5, 2019, Melody received another call from GreenSky from (256) 836-7334. Before GreenSky representative began speaking, there was again an unusually long delay. After she identified herself, Melody told the representative that she had previously requested to only be contacted by mail. Melody again expressly revoked consent to be called.

17. On or about November 21, 2019, Melody received yet another call from GreenSky, this time from (256) 836-7334. The representative identified himself as Gina and informed Melody that she was calling about her debt. Melody requested for a third time for the calls to cease and to only be contacted by mail.

18. Between August 13, 2019 and November 21, 2019, after Melody's first revocation of consent to be called, GreenSky called Melody on her cellular phone no less than **NINETY (90) times**.

19. GreenSky called Melody ninety times in a 101-day period.

20. GreenSky called Melody almost every weekday for nearly four months.

21. GreenSky went as far as calling Melody several times a day. For example, GreenSky called Melody three (3) times on October 16, 23, 24 and 31.

22. GreenSky called Melody at all times during the day, from as early as 8 am to as late as 9 pm.

23. Green called Melody on the weekend. Green called on Saturday, August 17.

24. GreenSky called Melody on Labor Day, September 2.

25. The phone calls originated from the following numbers: (256) 285-2809; (256) 285-3201; (256) 285-3303; (256) 836-7216; (256) 836-7276; (256) 836-7334; (833) 979-1342; (866) 263-5814; (866) 458-7688; (888) 476-2589; (888) 486-3860. Upon information and belief those numbers are owned or operated by GreenSky.

26. Upon information and belief, GreenSky has also called or attempted to call and text friends and family of Melody with the intention that they would communicate to Melody that GreenSky was attempting to collect a debt from her, causing Melody additional embarrassment and distress.

27. Upon information and belief, Greensky called Melody and delivered prerecorded or artificial voice messages.

28. Upon information and belief, Greensky's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

29. GreenSky called Melody from several different numbers that Melody could not recognize, making it appear to Melody that several creditors or debt collectors were targeting her, and making it hard for Melody to screen the calls she was receiving.

30. The timing, number, and pattern of GreenSky's calls to Melody are consistent with the use of an automated telephone dialing system.

31. On July 24, 2019, in response to varying district court opinions, the US House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended to clear up any ambiguity with the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list.

32. H.R. 3375 further clarified that a consumer may revoke consent, even consent given in a contract.

33. GreenSky is familiar with the TCPA.

34. The conduct was not only done willfully but was done with the intention of causing Melody such distress, so as to induce her to pay the debt.

35. Each and every one of GreenSky's telephone calls caused Melody distraction and temporary loss of use of her telephone line.

36. GreenSky's intrusion upon Melody's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceed reasonably collection efforts. GreenSky's conduct was especially unreasonable because it called Melody relentlessly shortly after Melody had explained that she did not have money to repay GreenSky and expressly revoked consent to be called.

37. As a result of GreenSky's conduct, Melody has sustained actual damages including but not limited to, stress, anxiety, embarrassment, and severe emotional and mental pain, and anguish.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

38.   Melody incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.   GreenSky violated the TCPA. GreenSky's violations include, but are not limited to the following:

> (a)   Within four years prior to the filing of this action, on multiple occasions, GreenSky violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."
>
> (b)   Within four years prior to the filing of this action, on multiple occasions GreenSky willfully and/or knowingly contacted Melody at her cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, GreenSky knowingly and/or willfully violated the TCPA.

40. As a result of GreenSky's violations of 47 U.S.C. §227, Melody is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that GreenSky knowingly and/or willfully violated the TCPA, Melody is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## COUNT II

### GreenSky's Invasion of Melody's Privacy

41. Melody incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

43. GreenSky violated Melody's privacy. GreenSky's violations include, but are not limited to, the following:

    (a) GreenSky intentionally intruded, physically or otherwise, upon Melody's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Melody having requested that GreenSky cease making calls to her cellular

phone.

(b) The number and frequency of the telephone calls to Melody by GreenSky constitute an intrusion on Melody's privacy and solitude.

(c) GreenSky's conduct would be highly offensive to a reasonable person as Melody received calls that caused distraction and temporary loss of use of her cellular telephone line, anxiety, annoyance and embarrassment.

(d) GreenSky's acts, as described above, were done intentionally with the purpose of abusing and harassing Melody to pay the alleged debt.

(e) GreenSky's conduct constitutes abuse and harassment and exceeded reasonable collection efforts.

44. As a result of GreenSky's violations of Melody's privacy, GreenSky is liable to Melody for actual damages. If the Court finds that the conduct is found to be egregious, Melody may recover punitive damages.

## TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38, Melody hereby demands a trial by jury of all issues triable by jury.

//

//

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Melody Mathes respectfully requests judgment be entered against Defendant GreenSky, LLC for the following:

A. Declaratory judgment that GreenSky violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

C. Actual and punitive damages for GreenSky's intrusion upon Melody's seclusion;

D. Awarding Melody any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Court deems appropriate.

Dated: April 21, 2020

Respectfully Submitted,

By: */s/ Joshua C. Snable*
Joshua C. Snable
Bar Number: ASB-5485-H65S
Attorney for Plaintiff Melody Mathes

FOR THE FIRM:
Snable Law, LLC
The Historic Enslen House
2737 Highland Avenue South
Birmingham, AL 35205
T: (205) 582-8000
F: (205) 939-0789
E: jsnable@snablelaw.com